IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRACE MEDIA, INC.**<br>37 Montague Street, Ste. 133<br>Brooklyn, NY 11201<br><br>and<br><br>**WILL VAN SANT**<br>c/o Trace Media, Inc.<br>37 Montague Street, Ste. 133<br>Brooklyn, NY 11201<br><br>        Plaintiffs,<br>    v.<br><br>**UNITED STATES DEPARTMENT OF JUSTICE**<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530<br><br>and<br><br>**BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES**<br>99 New York Avenue, NE<br>Washington, DC 20226<br><br>        Defendants. | Civil Action No. _____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Trace Media, Inc. ("The Trace") and Will Van Sant ("Mr. Van Sant") (collectively, "Plaintiffs"), by and through undersigned counsel, hereby allege as follows:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA" or the "Act"), for declaratory, injunctive, and other appropriate relief brought by The Trace, a nonprofit news organization covering gun-related news in the United States, and Will Van Sant, a journalist at The Trace, regarding eight FOIA requests (the "Requests") Mr. Van Sant submitted

1

to the Department of Justice ("DOJ") and the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") (collectively, "Defendants"), on behalf of himself and The Trace.

2. By this action, Plaintiffs seek to compel Defendants to comply with their statutory obligations under FOIA, including by disclosing the requested records which Defendants have withheld in violation of the Act.

## PARTIES

3. Plaintiff Trace Media, Inc., d/b/a The Trace, is a nonpartisan nonprofit 501(c)(3) corporation and an independent news organization dedicated to coverage of guns in the United States. The Trace's newsroom is located at 37 Montague Street, Suite 133, Brooklyn, NY 11201.

4. Plaintiff Will Van Sant is a staff writer for The Trace. Until 2019, he was an investigative reporter at Newsday. His office is located at 37 Montague Street, Suite 133, Brooklyn, NY 11201.

5. Defendant Department of Justice is an agency of the federal government within the meaning of 5 U.S.C. § 551, 5 U.S.C. § 552(f) and 5 U.S.C. § 702 that has possession, custody, and/or control over records responsive to four of Plaintiffs' requests. The DOJ's headquarters are located at 950 Pennsylvania Avenue NW, Washington, DC 20530.

6. Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives is a federal law enforcement agency within the United States Department of Justice that tracks the use and trafficking of firearms. ATF has possession, custody, and/or control over records responsive to four of Plaintiffs' requests. ATF's headquarters are located at 99 New York Avenue NE, Washington, DC 20226.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

8. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

**FACTS**

**Plaintiffs' FOIA Requests to DOJ**

*Plaintiffs' First Request*

9. On April 30, 2021, Mr. Van Sant submitted a FOIA request to DOJ via email on behalf of himself and The Trace (the "First Request"). A true and correct copy of the First Request is attached hereto as **Exhibit A** and is incorporated by reference herein.

10. The First Request asked for "[a]ll records reflecting communications between Office of Legal Policy officials and Lawrence Keane of the National Shooting Sports Foundation. Responsive records would include letters, memos, emails, email attachments, text messages, telephone call logs, calendar entries, meeting notices and agendas and any handwritten or electronic notes or summaries of oral communication" from "Jan. 1, 2018 to the present." Ex. A.

11. The First Request identified Will Van Sant as a representative of the news media associated with The Trace and sought a fee benefit pursuant to 5 U.S.C. § 552(a)(4)(A)(ii) and a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). *See* Ex. A.

12. By letter dated May 10, 2021, DOJ acknowledged receipt of the First Request and assigned it tracking number 2021-01221. A true and correct copy of DOJ's May 10, 2021, acknowledgement letter (the "First Request Acknowledgment") is attached hereto as **Exhibit B**.

13. In the First Request Acknowledgment, DOJ asserted that "unusual circumstances" applied to the processing of the request. Ex. B. It did not provide an estimated date of completion.

14. The First Request Acknowledgment stated that DOJ would make a determination as to Plaintiffs' request for a fee waiver after its determination of whether fees "will be implicated for th[e] request." *See* Ex. B.

15. As of the filing of this Complaint, Plaintiffs have received no further information or communication from Defendants concerning the First Request.

16. As of the filing of this Complaint, it has been 453 days since the First Request was submitted to DOJ.

*Plaintiffs' Second Request*

17. On April 30, 2021, Mr. Van Sant submitted a second FOIA request to DOJ via email on behalf of himself and The Trace (the "Second Request"). A true and correct copy of the Second Request is attached hereto as **Exhibit C** and is incorporated by reference herein.

18. The Second Request asked for "[a]ll records reflecting communications between DOJ White House Liaison and Chief of Staff Mary Blanche Hankey and Mark Barnes and other attorneys or consultants at his firm, Mark Barnes & Associates. Responsive records would include letters, memos, emails, email attachments, text messages, telephone call logs, calendar entries, meeting notices and agendas and any handwritten or electronic notes or summaries of oral communication." Ex. C. The date range provided for the Second Request was from January 1, 2017, to the present. *See* Ex. C.

19. The Second Request identified Will Van Sant as a representative of the news media associated with The Trace and sought a fee benefit as a representative of the news media pursuant to 5 U.S.C. § 552(a)(4)(A)(ii) and a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). *See* Ex. C.

4

20. By letter dated May 20, 2021, DOJ acknowledged receipt of the Second Request and assigned it tracking number 2021-01222. A true and correct copy of DOJ's May 20, 2021, acknowledgment letter (the "Second Request Acknowledgment") is attached hereto as **Exhibit D**.

21. On March 8, 2022, DOJ issued a determination that "no records responsive to [the] request were located." A true and correct copy of DOJ's March 8, 2022, determination (the "Second Request Determination") is attached hereto as **Exhibit E**.

22. On June 1, 2022, Plaintiffs administratively appealed the Second Request Determination. A true and correct copy of Plaintiffs' administrative appeal (the "Second Request Appeal") is attached hereto as **Exhibit F** and is incorporated by reference herein.

23. On June 15, 2022, DOJ issued a final response affirming the agency's search and reiterating that it located no records responsive to the Second Request. A true and correct copy of DOJ's response (the "Second Request Final Response") is attached hereto as **Exhibit G**.

*Plaintiffs' Third Request*

24. On April 30, 2021, Mr. Van Sant submitted a third FOIA request to DOJ via email on behalf of himself and The Trace (the "Third Request"). A true and correct copy of the Third Request is attached hereto as **Exhibit H** and is incorporated by reference herein.

25. The Third Request asked for "[a]ll records reflecting communications between Office of Legal Policy Senior Counsel Brady Toensing and other state and federal government officials, as well as private individuals or organizations. Responsive records would include letters, memos, emails, email attachments, text messages, telephone call logs, calendar entries, meeting notices and agendas and any handwritten or electronic notes or summaries of oral communication." Ex. H. The Third Request also asked DOJ to "include copies of Mr. Toensing's work product that does not address specific litigation." *Id*. The date range for the Third Request was "from Mr. Toensing's 2018 arrival at OLP to the present." *See id*.

5

26. The Third Request identified Will Van Sant as a representative of the news media associated with The Trace and sought a fee benefit as a representative of the news media pursuant to 5 U.S.C. § 552(a)(4)(A)(ii) and a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). *See id.*

27. On May 12, 2021, DOJ contacted Mr. Van Sant via email to inquire whether Plaintiffs were interested in narrowing the scope of the Third Request. A true and correct copy of the related email exchange between Mr. Van Sant and the DOJ regarding the narrowing of the Third Request (the "Third Request Narrowing Scope Emails") is attached hereto as **Exhibit I**.

28. On May 18, 2021, Mr. Van Sant narrowed the Third Request to "seek[] communications of Brady Toensing concerning firearms and firearm regulations." Ex. I.

29. By letter dated May 19, 2021, DOJ acknowledged receipt of the narrowed Third Request and assigned it tracking number 2021-01223. A true and correct copy of DOJ's May 19, 2021, acknowledgment letter (the "Third Request Acknowledgment") is attached hereto as **Exhibit J**.

30. In the Third Request Acknowledgment, DOJ asserted that "unusual circumstances" applied to the processing of the request. Ex. J. It did not provide an estimated date of completion.

31. The Third Request Acknowledgment stated that DOJ would make a determination as to Plaintiffs' request for a fee waiver after its determination of whether fees "will be implicated for th[e] request." *See* Ex. J.

32. As of the filing of this Complaint, Plaintiffs have received no further information or communication from Defendants concerning the Third Request.

33. As of the filing of this Complaint, it has been 453 days since the Third Request was submitted to DOJ.

*Plaintiffs' Fourth Request*

34. On April 30, 2021, Mr. Van Sant submitted a FOIA request to DOJ via email on behalf of himself and The Trace (the "Fourth Request"). A true and correct copy of the Fourth Request is attached hereto as **Exhibit K** and is incorporated by reference herein.

35. The Fourth Request asked for "[a]ll records reflecting communications between Office of Legal Policy officials and Mark Barnes and other attorneys or consultants at his firm, Mark Barnes & Associates. Responsive records would include letters, memos, emails, email attachments, text messages, telephone call logs, calendar entries, meeting notices and agendas and any handwritten or electronic notes or summaries of oral communication." Ex. K. The Fourth Request stated that its date range was from January 1, 2018, to the present. *See* Ex. K.

36. The Fourth Request identified Will Van Sant as a representative of the news media associated with The Trace and sought a fee benefit as a representative of the news media pursuant to 5 U.S.C. § 552(a)(4)(A)(ii) and a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). *See* Ex. K.

37. By letter dated May 19, 2021, DOJ acknowledged receipt of the Fourth Request and assigned it tracking number 2021-01224. A true and correct copy of DOJ's May 19, 2021, acknowledgment letter (the "Fourth Request Acknowledgment") is attached hereto as **Exhibit L.**

38. In the Fourth Request Acknowledgment, DOJ asserted that "unusual circumstances" applied to the processing of the request. Ex. L. It did not provide an estimated date of completion.

39. The Fourth Request Acknowledgment stated that DOJ would make a determination as to Plaintiffs' request for a fee waiver after its determination of whether fees "will be implicated for th[e] request." *See* Ex. L.

40. As of the filing of this Complaint, Plaintiffs have received no further information or communication from Defendants concerning the Fourth Request.

41. As of the filing of this Complaint, it has been 453 days since the Fourth Request was submitted to DOJ.

**Plaintiffs' FOIA Requests to ATF**

*Plaintiffs' Fifth Request*

42. On April 30, 2021, Mr. Van Sant submitted a FOIA request to ATF via email on behalf of himself and The Trace (the "Fifth Request"). A true and correct copy of the Fifth Request is attached hereto as **Exhibit M** and is incorporated by reference herein.

43. The Fifth Request asked for "[a]ll records reflecting communications between ATF officials and Mark Barnes and other attorneys or consultants at his firm, Mark Barnes & Associates. Responsive records would include letters, memos, emails, email attachments, text messages, telephone call logs, calendar entries, meeting notices and agendas and any handwritten or electronic notes or summaries of oral communication." Ex. M. The Fifth Request stated that its date range is from January 1, 2018, to the present. *See* Ex. M.

44. The Fifth Request identified Will Van Sant as a representative of the news media associated with The Trace and sought a fee benefit as a representative of the news media pursuant to 5 U.S.C. § 552(a)(4)(A)(ii) and a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). *See* Ex. M.

45. By letter dated August 11, 2021, ATF acknowledged receipt of the Fifth Request and assigned it tracking number 2021-0731. A true and correct copy of ATF's August 11, 2021, acknowledgment letter (the "Fifth Request Acknowledgment") is attached hereto as **Exhibit N.**

46. In the Fifth Request Acknowledgment, ATF granted Plaintiffs' request for a fee waiver. *See* Ex. N.

47. As of the filing of this Complaint, Plaintiffs have received no further information or communication from Defendants concerning the Fifth Request.

48. As of the filing of this Complaint, it has been 453 days since the Fifth Request was submitted to ATF.

*Plaintiffs' Sixth Request*

49. On April 30, 2021, Mr. Van Sant submitted a second FOIA request to ATF via email on behalf of himself and The Trace (the "Sixth Request"). A true and correct copy of the Sixth Request is attached hereto as **Exhibit O** and is incorporated by reference herein.

50. The Sixth Request asked for "[a]ll records reflecting communications between ATF officials and Lawrence Keane of the National Shooting Sports Foundation. Responsive records would include letters, memos, emails, email attachments, text messages, telephone call logs, calendar entries, meeting notices and agendas and any handwritten or electronic notes or summaries of oral communication." Ex. O. The Sixth Request stated that its date range was from January 1, 2018, to the present. *See* Ex. O.

51. The Sixth Request identified Will Van Sant as a representative of the news media associated with The Trace and sought a fee benefit as a representative of the news media pursuant to 5 U.S.C. § 552(a)(4)(A)(ii) and a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). *See* Ex. O.

52. By letter dated August 12, 2021, ATF acknowledged receipt of the Sixth Request and assigned it tracking number 2021-0732. A true and correct copy of ATF's August 12, 2021, acknowledgment letter (the "Sixth Request Acknowledgment") is attached hereto as **Exhibit P.**

53. In the Sixth Request Acknowledgment, ATF granted Plaintiffs' request for a fee waiver. *See* Ex. P.

54. As of the filing of this Complaint, Plaintiffs have received no further information or communication from Defendants concerning the Sixth Request.

55. As of the filing of this Complaint, it has been 453 days since the Sixth Request was submitted to ATF.

*Plaintiffs' Seventh Request*

56. On October 18, 2021, Mr. Van Sant submitted a third FOIA request to ATF via its FOIA portal on behalf of himself and The Trace (the "Seventh Request"). A true and correct copy of the Seventh Request is attached hereto as **Exhibit Q** and is incorporated by reference herein.

57. The Seventh Request asked for "[s]lides of the 3D printing and ghost gun presentation that ATF associate chief counsel James Vann gave to the Firearms Committee at the October 2018 International Association of Chiefs of Police convention in Orlando, FL" as well as "copies of any notes Vann or other ATF officials may have produced in conjunction with the presentation as well as any audio and/or visual recordings of the presentation that the agency possesses." Ex. Q.

58. The Seventh Request identified Will Van Sant as a representative of the news media associated with The Trace and sought a fee benefit as a representative of the news media pursuant to 5 U.S.C. § 552(a)(4)(A)(ii) and a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). *See* Ex. Q.

59. By letter dated March 25, 2022, ATF acknowledged receipt of the Seventh Request and assigned it tracking number 2022-00050. A true and correct copy of ATF's March 25, 2022, acknowledgment letter (the "Seventh Request Acknowledgment") is attached hereto as **Exhibit R.**

60. In the Seventh Request Acknowledgment, ATF granted Plaintiffs' request for a fee waiver. *See* Ex. R.

61. As of the filing of this Complaint, Plaintiffs have received no further information or communication from Defendants concerning the Seventh Request.

62. As of the filing of this Complaint, it has been 282 days since the Seventh Request was submitted to ATF.

*Plaintiffs' Eighth Request*

63. On October 20, 2021, Mr. Van Sant submitted a fourth FOIA request to ATF via its FOIA portal on behalf of himself and The Trace (the "Eighth Request"). A true and correct copy of the Eighth Request is attached hereto as **Exhibit S** and is incorporated by reference herein.

64. The Eighth Request asked for "copies of all emails, calendar entries, memos, notes and any other agency records generated in regard to meetings between firearms law attorney Mark Barnes, former ATF acting director Mike Sullivan and any or all of the following individuals: Acting Director Marvin Richardson, Division Chief Alphonso Hughes, former Chief Counsel Joel Roessner and Division Chief Earl Griffith." Ex. S. The Eighth Request noted that relevant topics discussed included "objective factors for the regulation of stabilizing braces." *Id.* The date range provided for the Eighth Request was October 1, 2020, through December 31, 2020. *Id.*

65. The Eighth Request identified Will Van Sant as a representative of the news media associated with The Trace and sought a fee benefit as a representative of the news media pursuant to 5 U.S.C. § 552(a)(4)(A)(ii) and a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). *See* Ex. S.

66. By letter dated March 28, 2022, ATF acknowledged receipt of the Eighth Request and assigned it tracking number 2022-00064. A true and correct copy of ATF's March 28, 2022, acknowledgment letter (the "Eighth Request Acknowledgment") is attached hereto as **Exhibit T.**

67. In the Eighth Request Acknowledgment, ATF granted Plaintiffs' request for a fee waiver. *See* Ex. T.

68. As of the filing of this Complaint, Plaintiffs have received no further information or communication from Defendants concerning the Eighth Request.

69. As of the filing of this Complaint, it has been 280 days since the Eighth Request was submitted to ATF.

### Current Status of Plaintiffs' Requests

70. As of the filing of this Complaint, Plaintiffs have received no determination in response to the First Request, Third Request, Fourth Request, Fifth Request, Sixth Request, Seventh Request, or Eighth Request.

71. As of the filing of this Complaint, Plaintiffs have received no records or portions thereof in response to any of their Requests.

72. DOJ and ATF have not cited any exemptions to withhold records or portions thereof responsive to Plaintiffs' Requests.

### CAUSES OF ACTION

#### COUNT I: VIOLATION OF FOIA FOR FAILURE TO COMPLY WITH STATUTORY DEADLINES

73. Plaintiffs repeat, reallege, and incorporate the allegations set forth in the foregoing Paragraphs 1 through 72 as though fully set forth herein.

74. Defendants are agencies subject to FOIA. 5 U.S.C. §§ 552(f), 551.

75. The Trace and Mr. Van Sant properly seek records within the possession, custody, and/or control of Defendants under FOIA.

76. Plaintiffs' Requests complied with all applicable regulations regarding the submission of FOIA requests.

77. Defendants failed to make a timely determination regarding the First Request, Third Request, Fourth Request, Fifth Request, Sixth Request, Seventh Request, and Eighth Request by the deadline imposed by FOIA.  5 U.S.C. § 552(a)(6)(A).

78. Plaintiffs have and/or are deemed to have exhausted applicable administrative remedies with respect to all of the Requests.  5 U.S.C. § 552(a)(6)(C)(i).

### COUNT II: VIOLATION OF FOIA FOR UNLAWFUL WITHHOLDING OF AGENCY RECORDS

79. Plaintiffs repeat, reallege, and incorporate the allegations set forth in the foregoing Paragraphs 1 through 72 as though fully set forth herein.

80. Defendants are agencies subject to FOIA.  5 U.S.C. §§ 552(f), 551.

81. Plaintiffs' Requests properly seek records within the possession, custody, and/or control of Defendants under FOIA.

82. Plaintiffs' Requests complied with all applicable regulations regarding the submission of FOIA requests.

83. Defendants have not released any records or portions thereof in response to Plaintiffs' Requests.

84. Defendants have not cited any exemptions to withhold records or portions thereof responsive to Plaintiffs' Requests.

85. Defendants have not identified whether or how it is reasonably foreseeable that release of the records sought by Plaintiffs' Requests would harm an interest protected by a FOIA exemption and/or why disclosure is prohibited by law.  5 U.S.C. § 552(a)(8).

86. Defendants have improperly withheld records responsive to Plaintiffs' Requests in violation of FOIA.  5 U.S.C. § 552(a)(3)(A).

87. Plaintiffs have and/or are deemed to have exhausted applicable administrative remedies with respect to all of the Requests. 5 U.S.C. § 552(a)(6)(A)(ii); *id*. § 552(a)(6)(C)(i).

### COUNT III: FAILURE TO CONDUCT A SUFFICIENT SEARCH

88. Plaintiffs repeat, reallege, and incorporate the allegations set forth in the foregoing Paragraphs 1 through 72 as though fully set forth herein.

89. Defendants are agencies subject to FOIA. 5 U.S.C. §§ 552(f), 551.

90. Plaintiffs' Second Request properly seeks records within the possession, custody, and/or control of Defendant DOJ under FOIA.

91. Plaintiffs' Second Request complied with all applicable regulations regarding the submission of FOIA requests.

92. Defendants failed to conduct an adequate search for records responsive to the Second Request.

93. Plaintiffs have and/or are deemed to have exhausted applicable administrative remedies with respect to Plaintiffs' Second Request. 5 U.S.C. § 552(a)(6)(A)(ii); *id*. § 552(a)(6)(C)(i).

### REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request this Court:

(1) order Defendants to conduct a search reasonably calculated to identify all records responsive to Plaintiffs' Requests and to immediately disclose, in their entirety, all records responsive to Plaintiffs' Requests that are not specifically exempt from disclosure under FOIA;

(2) issue a declaration that Plaintiffs are entitled to disclosure of the requested records;

(3) enjoin Defendants from continuing to withhold any and all non-exempt records or

portions thereof responsive to Plaintiffs' Requests;

(4) award Plaintiffs reasonable attorney fees and costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) grant such other relief as the Court may deem just and proper.

Dated: July 27, 2022

                                              Respectfully submitted,

                                              */s/ Katie Townsend*
                                                  Katie Townsend
                                                  D.C. Bar No. 1026115
                                                 Email: ktownsend@rcfp.org
                                                 Adam A. Marshall
                                                 D.C. Bar No. 1029423
                                                 Email: amarshall@rcfp.org
                                                 Gunita Singh
                                                 D.C. Bar No. 1601923
                                                 Email: gsingh@rcfp.org
                                                 REPORTERS COMMITTEE FOR
                                                 FREEDOM OF THE PRESS
                                                 1156 15th St. NW, Suite 1020
                                                 Washington, D.C. 20005
                                                 Phone: 202.795.9303
                                                 Facsimile: 202.795.9310

                                                 *Counsel for Plaintiffs*